IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DEMETRIUS CRUTCHFIELD
#31816-009                                                                    PLAINTIFF

v.                          No. 3:19-cv-277-DPM-BD

ANTHONY CARTER, Nurse,
Greene County Detention Center, *et al.*                        DEFENDANTS

## ORDER

1. On *de novo* review, the Court mostly adopts the partial recommendation, Doc. 47, but partly sustains Crutchfield's objections, Doc. 48. FED. R. CIV. P. 72(b)(3).

2. The Court adopts the recommendation as to Defendant Black. Crutchfield's claims against her are dismissed without prejudice.

The Court also adopts the recommendation on Crutchfield's claims about his pain medication and request for a special diet. On the medication issue, Crutchfield's complaint shows that he received Naproxen for pain while at the Detention Center. And when that did not work, he received a different medication, although he didn't like its side effects. Taking Crutchfield's allegations as true, this amounts to a mere disagreement about the course of treatment, not a plausible claim of deliberate indifference. Similarly, Crutchfield's complaint shows that Defendants investigated his report about allergies by seeking records from the ADC and Children's Clinic. Neither place had records

about Crutchfield's allergies. As with the medication claim, these steps don't support a plausible claim of deliberate indifference.

   3. The Court declines the recommendation about Crutchfield's claim that he was denied his right tennis shoe. Crutchfield alleges that he notified Defendants about needing his right shoe back. And he told them that going without it was causing him severe pain because of his previous injuries and surgeries. Nonetheless, he didn't receive his shoe for about three weeks. Though it is a close call, the Court concludes that Crutchfield has stated a plausible deliberate indifference claim here. Questions remain: Who knew what? When did they know it? And were they responsible for getting Crutchfield his shoe back? But these are all issues for decision on a full record at summary judgment or trial. At this early stage, the complaint's allegations state a plausible claim.

   4. Motion to dismiss, *Doc. 27*, partly granted and partly denied. Crutchfield's claims against Defendant Black are dismissed without prejudice for failure to state a claim. His claims against Carter, Huggins, Johnson, and Townbridge about pain medication and a special diet are dismissed without prejudice, too. The remainder of the motion, *Doc. 27*, is denied. Further, Crutchfield also may proceed with his failure to protect claim against Defendant Kim Johnson.

So Ordered.

_____
*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 May 2020