IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DEMETRIUS CRUTCHFIELD**                                                                      **PLAINTIFF**

**V.**                           **CASE NO. 3:19-CV-277-DPM-BD**

**ANTHONY CARTER,** *et al*.                                                                 **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation has been sent to Chief Judge D.P. Marshall Jr. Any party may file objections if they disagree with the finding or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Chief Judge Marshall can adopt the Recommendation without independently reviewing the record. By not objecting, the parties may waive any right to appeal questions of fact.

**II.    Background:**

Demetrius Crutchfield was an inmate at the Greene County Detention Center (Detention Center) when he filed this civil rights lawsuit. Mr. Crutchfield complains that he was denied adequate medical treatment at the Detention Center. Specifically, he alleges that he "repeatedly requested diet trays, his right shoe, and proper medication for his nerve pain in his right leg and aching pain in right leg," but Defendants failed to provide those items. (Doc. No. 1 at pp.1-2) In addition, Mr. Crutchfield complains that

Defendant Bradley Johnson used excessive force against him and that Defendants Kim Johnson and Ford failed to protect him from the attack.

The Court previously dismissed Mr. Crutchfield's claims against the Detention Center and Kara Black. (Doc. Nos. 9, 49) The Court also dismissed claims against Defendants Carter, Huggins, Johnson and Townbridge regarding a failure to provide proper pain medication or a special diet.[1] (Doc. No. 49) The Court specifically allowed Mr. Crutchfield to proceed on his claim regarding the Medical Defendants' failure to provide him a right tennis shoe for nearly three weeks and his failure-to-protect claim against Defendant Kim Johnson.[2]

All remaining Defendants then moved for summary judgment on the claims raised against them. (Doc. Nos. 60, 65) Mr. Crutchfield responded to the Medical Defendants' motion. (Doc. Nos. 69, 70) Because the Medical Defendants' motion addressed only those claims that the Court had already dismissed, however, the Court denied the motion for summary judgment, as moot. (Doc. No. 71) The Medical Defendants then moved for leave to file a supplemental motion for summary judgment. (Doc. No. 72) The Court granted the motion. Accordingly, both the Medical Defendants' supplemental motion for

---

[1] Based on this Court's previous Recommendation addressing the Medical Defendants' motion to dismiss, as well as Judge Marshall's Order adopting that Recommendation, the Court recommends that Mr. Crutchfield's claims regarding his failure to receive pain medication and a special diet also be DISMISSED against the County Defendants.

[2] The Court notes that the County Defendants were not parties to the previous motion to dismiss.

summary judgment and the Detention Center Defendants' motion for summary judgment are now ripe for review.

### III. Discussion:

A. Standard

A party is entitled to summary judgment if—but only if—the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

B. Medical Defendants – Deliberate-Indifference Claim[3]

In his complaint, Mr. Crutchfield alleges that his right tennis shoe was taken from him when he arrived at the Detention Center on August 30, 2019. (Doc. No. 1 at p.2) On September 1, 2019, Mr. Crutchfield told Defendant Kim Johnson (K. Johnson) that walking around "unbalanced" was causing him additional pain. Furthermore, he alleges that, on September 2, 2019, Defendants K. Johnson and Huggins ignored his request for a right tennis shoe. (Doc. No. 1 at p.4)

Mr. Crutchfield further alleges that, as of September 15, 2019, Defendants Johnson, Townbridge, Huggins, and Carter[4] knew about his need for adequate footwear but failed to approve his request for a right tennis shoe until September 22, 2019. (Doc. No. 1 at p.3) He states that, on September 22, Defendant Townbridge asked him why he

---

[3] The Court will address Mr. Crutchfield's failure-to-protect claim against Defendant K. Johnson following its discussion of Mr. Crutchfield's excessive-force claim against Defendant Bradley Johnson.

[4] In his complaint, Mr. Crutchfield identified this Defendant as Anthony.

only had one tennis shoe. (Doc. No. 1 at p.5) On the same day, an unknown Detention Center officer provided Mr. Crutchfield a right tennis shoe.

As a result of his failure to receive a right tennis shoe for 24 days, Mr. Crutchfield says that he tripped over his left foot several times, which caused injury and pain.

In their motion for summary judgment, the Medical Defendants explain that, when Mr. Crutchfield arrived at the Detention Center, he was wearing a leg brace to assist with a foot-drop in his left foot. At that time, Detention Center staff permitted Mr. Crutchfield to continue to wear the leg brace and the tennis shoe that he was wearing at intake on his left foot. (Doc. No. 74 at pp.8, 24) Detention Center staff, however, required Mr. Crutchfield to wear the "jail sandal" on his right foot. (Doc. No. 74 at p.24)

According to Mr. Crutchfield's medical records, on September 10, Defendant Johnson examined him based on his complaints of "shooting nerve pain" in his right lower extremity as a result of wearing a tennis shoe on his left foot and a jail sandal on his right foot. (Doc. No. 74 at p.24) At that visit, Defendant Johnson prescribed meloxicam for Mr. Crutchfield. (Doc. No. 74 at p.25)

On September 20, Mr. Crutchfield submitted a medical request form complaining of pain and requesting alternate pain medication.[5] (Doc. No. 74 at p.137) Importantly, Mr. Crutchfield did not request a right tennis shoe at that time. The following day, medical staff examined Mr. Crutchfield. He was not provided any treatment on that date because he refused to take the medication provided. (Doc. No. 74 at p.27)

---

[5] The Medical Defendants indicate that this occurred on September 10. Mr. Crutchfield's medical records, however, indicate this occurred on September 21.

Later that same date, Mr. Crutchfield again complained of pain in both legs. (Doc. No. 74 at p.31) At that time, Defendant Townbridge instructed staff to provide Mr. Crutchfield a right tennis shoe to replace his right jail sandal. (Doc. No. 74 at p.31)

To state a claim against the Medical Defendants for failing to provide constitutionally adequate medical care, Mr. Crutchfield must plead facts indicating that he had an objectively serious medical need[6] and that the Defendants actually knew of that need, but deliberately failed to provide adequate care. *Estelle v. Gamble*, 429 U.S. 97, 104–08 (1976); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Deliberate indifference is a high standard. It implies conduct more culpable than negligence; more culpable than even gross negligence. *Langford*, 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Stated another way, the Defendants can be held liable here only if their conduct was "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)); see also *Allard v. Baldwin*, 779 F.3d 768, 771–72 (8th Cir. 2015) (to prevail on an Eighth Amendment claim, inmate must show that defendants' mental state was akin to criminal recklessness).

---

[6] A medical need is deemed objectively serious if it was "diagnosed by a physician as requiring treatment, or [was] so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009). For purposes of this motion, the Court will assume that Mr. Crutchfield suffered from an objectively serious medical need.

5

Here, Mr. Crutchfield has failed to show that the Medical Defendants were criminally reckless in addressing the pain in his right foot and his need for a right tennis shoe. The Medical Defendants' first attempt to resolve this issue with medication rather than by providing Mr. Crutchfield a right tennis shoe falls exceedingly short of deliberate indifference. The second time the Medical Defendants evaluated Mr. Crutchfield, they provided him a right tennis shoe. Accordingly, the Medical Defendants' conduct constitutes negligence, at most, and they are entitled to judgment as a matter of law on this claim.

C.  County Defendants[7]

1.  Official Capacity Claims

In their motion, the County Defendants first argue that, because Mr. Crutchfield failed to specify in what capacity he was suing the Defendants, he has sued them in their official capacities only. They contend that his claims against them should be dismissed because Mr. Crutchfield failed to allege that he was injured as a result of a Greene County Custom or Policy. While the Eighth Circuit Court of Appeals has upheld the dismissal of a pro se plaintiff's claims on this basis, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999), construing Mr. Crutchfield's allegations liberally, he apparently intended to sue the Defendants in both their individual and official capacities.

---

[7] In their brief in support of their motion, the County Defendants state that Mr. Crutchfield's remaining claims include a retaliation claim. They did not brief that claim; and the Court has never identified such a claim in this case. After again reviewing Mr. Crutchfield's complaint, the Court concludes that he did not allege facts to support a retaliation claim against the County Defendants.

6

Accordingly, the County Defendants are not entitled to dismissal of all of Mr. Crutchfield's claims on that basis. Mr. Crutchfield's claims against the County Defendants in their official capacities, however, should be dismissed, without prejudice, on other grounds.

Official-capacity claims against the County Defendants are, in effect, claims against Greene County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments such as Greene County can be held liable in cases such as this only when an employee violates a prisoner's rights while carrying out a county policy or custom.[8] *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). *Id.; Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Here, Mr. Crutchfield does not allege that he suffered any injury as a result of a Greene County policy or custom. Official-capacity claims, therefore, should be dismissed.

2. Right Tennis Shoe – Deliberate-Indifference Claim

With regard to claims against the County Defendants in their individual capacities, Mr. Crutchfield alleges that: Defendant Cox, as jail administrator, was aware of all of his complaints but failed to assist him; Defendant Crittenden, as the jail supervisor, was aware of all of his requests but failed to "resolve any matters"; Defendant Bradley

---

[8] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.

Johnson (B. Johnson) was aware that Mr. Crutchfield had only one shoe but failed to assist him; Defendant Harris knew about the pain that Mr. Crutchfield was suffering as a result of walking around with one tennis shoe and one shower shoe and "acted" as if he would assist Mr. Crutchfield but did not act; Mr. Crutchfield requested a second shoe from Defendant Hubble, but Defendant Hubble refused to respond to the request; Defendant Ford knew about Mr. Crutchfield's leg pain caused by walking around in one tennis shoe but merely told Mr. Crutchfield to "put in a sick call"; Defendant Gibson "told him that they were going to give him his other shoe"; and Defendant B. Johnson and other Defendants "were smiling, laughing, and making remarks to his complaint about him wearing one shoe." (Doc. No. 1 at pp.7-11)

    In support of their motion, the County Defendants attach the affidavits of Brent Cox. (Doc. No. 67-1) According to Defendant Cox, "any time a detainee has a need for any medical device, including particular shoes or braces which address or treat any medical injury or illness, medical staff have sole authority to determine the use or manner of use of the device by an inmate." (Doc. No. 67-1 at p.4) In addition, he explains that "[t]he decision to provide Plaintiff with a left tennis shoe to support the brace on that leg but not to provide him with the tennis shoe on the right leg was a decision made by medical staff."  (Doc No. 67-1 at p.4) Because the Court has determined that Mr. Crutchfield's deliberate-indifference claim regarding the Medical Defendants' failure to provide him a right tennis shoe fails as a matter of law, Mr. Crutchfield should not be permitted to proceed on this claim against the County Defendants. The County

Defendants' failure to respond to Mr. Crutchfield's complaints, again, constitutes negligence at most.

3. Excessive-Force Claim and Failure-to-Protect Claim

Mr. Crutchfield alleges that, on August 30, 2019, Defendant B. Johnson shoved him against the wall, twisted his wrist, and smashed his head against the window several times. (Doc. No. 1 at pp.7-8) He explains that Defendants Ford and Defendant K. Johnson observed this incident but failed to intervene. (Doc. No. 1 at p.8)

The County Defendants attach the affidavits of Defendants B. Johnson and Ford to their motion. (Doc. No. 67-7; Doc. No. 67-8) According to Defendant B. Johnson, on the date in question, he asked Mr. Crutchfield to step outside his cell so that he could address "the negative and disruptive behavior Crutchfield was displaying, especially directed at staff." (Doc. No. 67-7 at p.1) When Mr. Crutchfield stepped outside of his cell, he allegedly began raising his voice. He also "thr[e]w his hands in a way that [Defendant Johnson] felt was a threat to my safety and the security of the facility." (Doc. No. 67-7 at p.1) At that time, Defendant Johnson "grabbed Crutchfield's arm, spun him around, and placed him against the wall to restrain him and calm him down" using "soft empty hand controls." (Doc. No. 67-7 at p.1) Mr. Crutchfield allegedly briefly resisted Defendant Johnson's attempt to turn him around, but "quickly" stopped resisting. (Doc. No. 67-7 at pp.1-2) Defendant Johnson testified that he did not strike or kick Mr. Crutchfield. (Doc. No. 67-7 at p.1)

According to Defendant Ford, on the date in question, he heard Defendant Johnson order Mr. Crutchfield to step out of his cell. (Doc. No. 67-8 at p.1) When he went to

9

investigate the situation, Defendant Ford saw Defendant Johnson restraining Mr. Crutchfield against the wall. (Doc. No. 67-8 at p.1) When Mr. Crutchfield stopped resisting, Defendant Johnson released him and returned him to the cell. (Doc. No. 67-8 at p.1)

In their motion, the County Defendants analyze Mr. Crutchfield's claims under the Eighth Amendment's "cruel and unusual punishment clause." This incident, however, took place on August 30, 2019. Mr. Crutchfield was booked into the Detention Center on August 31, 2019. (Doc. No. 67-2) Therefore, Mr. Crutchfield was either an arrestee or a pre-trial detainee at the time of this incident. There is not a "bright line dividing the end of the arrestee's status and the beginning of the pretrial detainee's status." *Andrews v. Neer*, 253 F.3d 1052, 1060-61 (8th Cir. 2001). Because the "objective reasonableness" standard applies to excessive force claims of arrestees under the Fourth Amendment and of pretrial detainees under the Fifth and Fourteenth Amendments, this distinction is not critical.

Here, to support his excessive force claim for relief, Mr. Crutchfield must allege and prove that the force purposely or knowingly used against him by Defendant Johnson was objectively unreasonable. This determination turns on the "facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 576 U.S. 389, 2472-73 (2015). When making this determination, the Court must consider: (1) the need for force; (2) the relationship between that need and the degree of force used; (3) the threat the officer reasonably perceived; (4) the extent of injury inflicted; (5) whether force was used to punish or for a legitimate purpose, such as maintaining order or security; and (6) whether

a reasonable officer on the scene would have used such force under similar circumstances. *Id.*; *Jackson v. Buckman*, 756 F.3d 1060, 1067 (8th Cir. 2014).

Here, Defendants Johnson and Ford have offered sworn statements acknowledging that, although Defendant Johnson restrained Mr. Crutchfield, he did not use any other force against him. Furthermore, there is no evidence that Mr. Crutchfield suffered any injury as a result of the incident in question. Based on the evidence presented, Defendant Johnson used the minimal degree of force necessary to gain control of a disruptive detainee. No reasonable fact finder could conclude that this limited use of force by Defendant Johnson violated Mr. Crutchfield's constitutional rights. As a result, Defendant Johnson is entitled to judgment as a matter of law on Mr. Crutchfield's excessive-force claim. Likewise, Defendants Ford and K. Johnson are entitled to judgment as a matter of law on Mr. Crutchfield's failure-to-protect claims. If there was no excessive force, there can be no claim for failure to intervene.

    4.  Remaining Claims

In their brief in support of their motion, the County Defendants also argue that they are entitled to judgment as a matter of law on Mr. Crutchfield's claim that the County Defendants denied him access to the grievance procedure, denied him access to the courts, and verbally harassed him. To the extent that Mr. Crutchfield has alleged such claims, the claims should be dismissed. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (the law is settled that an inmate does not have a constitutional right to an inmate grievance procedure at all); *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (access-to-courts claim requires a showing that a defendant kept the prisoner from litigating a

claim and, by this misconduct, caused the prisoner to suffer an actual injury); and *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ("[v]erbal threats do not constitute a constitutional violation").

## IV. Conclusion:

The Court recommends that the Medical Defendants' supplemental motion for summary judgment (Doc. No. 74) be GRANTED and that the County Defendants' motion for summary judgment (Doc. No. 65) be GRANTED. Mr. Crutchfield's claims should be DISMISSED, with prejudice.

DATED this 3rd day of December, 2020

_____
UNITED STATES MAGISTRATE JUDGE